# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **STAR TITLE PARTNERS OF PALM HARBOR, LLC**, a Florida limited liability company, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 8:20-cv-2155<br>)<br>) |
| v. | ) Hon. _____<br>) |
| **ILLINOIS UNION INSURANCE COMPANY**, an Illinois corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(a), Illinois Union Insurance Company ("Defendant") hereby submits notice of its removal of this action, captioned *Star Title Partners of Palm Harbor, LLC v. Illinois Union Insurance Company*, and bearing civil case number 20-003508-CI, from the Circuit Court of Pinellas County to the United States District Court for the Middle District of Florida, Tampa Division. Pursuant to 28 U.S.C. § 1446(a), Defendant states as follows:

### BACKGROUND

1. On July 27, 2020, Star Title Partners of Palm Harbor, LLC ("Plaintiff") filed a Complaint in the Circuit Court of Pinellas County against Defendant seeking declaratory judgment and alleging that Defendant breached the terms of a cyber protection insurance policy by wrongfully denying coverage for financial loss resulting from the wire of funds intended to payoff a mortgage held by Capital Mortgage Services of Texas in reliance of an alleged fraudulent payoff statement (**Exh. A**, Compl., at ¶¶ 6-13, 17, 20-24).

2. Defendant was served with Plaintiff's Complaint on August 17, 2020.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon Defendant are attached hereto as **Exhibit A**.

4. Pursuant to L.R. 4.02(b), attached as **Exhibit B** is a copy of the docket statement from the state court proceeding which demonstrates that no other process, pleadings, orders or other papers or exhibits have been filed other than the documents attached hereto as **Exhibit A**.

## VENUE AND SUBJECT MATTER JURISDICTION

5. Pursuant to 28 U.S.C. § 1446(a), Defendant files this notice as required "in the district court of the United States for the district and division within which [the Pinellas County] action is pending."

6. Defendant maintains that venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391 and 1441(a) because Plaintiff is a Florida limited liability company with their principal place of business located in Pinellas County, which is served by the Tampa Division. (**Exh. A**, Compl., at ¶¶ 2, 4).

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

## DIVERSITY JURIDICTION

8. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principle place of business . . . ." 28 U.S.C. § 1332(c)(1).

9. Plaintiff is a Florida limited liability company with its principal place of business in Pinellas County. (**Exh. A**, Compl., at ¶ 2).

10. Via email on September 11, 2020, counsel for Plaintiff confirmed that one member of Plaintiff is a citizen of Michigan, while the remaining members are citizens of Florida. A copy of that email chain is attached hereto as **Exhibit C**.

11. Based upon the citizenship of each of its members, Plaintiff is deemed to be a citizen of Florida and Michigan.

12. Defendant is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania**.**

13. Because Plaintiff is deemed to be a citizen of Florida and Michigan, and Defendant is deemed to be a resident of Illinois and Pennsylvania, there exists complete diversity of citizenship amongst the parties.

14. As part of its claim under the cyber protection insurance policy, Plaintiff reported to Defendant that it wired $180,902.31 on August 9, 2019, and represented in its Civil Cover Sheet filed in the Circuit Court of Pinellas County that the amount in controversy in this case is $190,000 (**Exh. A**, Compl.at Exh. B; **Exh. A**, Civil Cover Sheet at § II). Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**OTHER REMOVAL REQUIREMENTS**

15. On August 17, 2020, Plaintiff served Defendant with the Complaint.

16. Because Plaintiff served Defendant on August 17, 2020, the last day to file the Notice of Removal is September 16, 2020. 28 U.S.C. § 1446(b)(1). This Notice of Removal is timely filed within thirty days of service, and also timely filed pursuant to § 1446(b)(3) because it is filed within 30 days of receipt of the September 11 email from Plaintiff's counsel confirming the citizenship of Plaintiff's members.

17. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal. Defendant is the only defendant and consents to removal.

## CONCLUSION

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action is one which may be removed to federal district court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), as there is complete diversity in citizenship between the Plaintiff and Defendant and because the amount in controversy, as set forth above, exceeds $75,000, exclusive of interest and costs.

**WHEREFORE**, Defendant hereby removes this action from the Circuit Court of Pinellas County to the United States District Court for the Middle District of Florida, Tampa Division. By filing this Notice of Removal, no party waives any defenses that may be available to it and reserves all such defenses.

Dated: September 14, 2020                             Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

*s/Christina M. Flores*
Christina M. Flores, Esquire
Florida Bar No.: 125966
Kristina L. Marsh, Esquire
Florida Bar No.: 311080
Primary: cflores@grsm.com
Primary: kmarsh@grsm.com
Secondary: dpocica@grsm.com
Secondary: tflynn@grsm.com
Secondary: kwarrington@grsm.com
1 North Franklin, Ste. 800
Chicago, IL 60606
Telephone (Main): 312-565-1400
Facsimile: (312) 565-6511
*Counsel for Defendant, Illinois Union Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Robert C. Hubbard (98996)
George A. Vaka, Esq. (374016)
**Vaka Law Group, P.L.**
777 S. Harbour Island Blvd., Suite 300
Tampa, FL 33602
Primary: gvaka@vakalaw.com; rhubbard@vakalaw.com
Secondary: kpeterson@vakalaw.com; lstolinas@vakalaw.com
*Counsel for Plaintiff*

GORDON REES SCULLY MANSUKHANI

*s/Christina M. Flores*
Christina M. Flores, Esquire
Florida Bar No.: 125966
Kristina L. Marsh, Esquire
Florida Bar No.: 311080
Primary: cflores@grsm.com
Primary: kmarsh@grsm.com
Secondary: dpocica@grsm.com
Secondary: tflynn@grsm.com
Secondary: kwarrington@grsm.com
1 North Franklin, Ste. 800
Chicago, IL 60606
Telephone (Main): 312-565-1400
Facsimile: (312) 565-6511
*Counsel for Defendant, Illinois Union Insurance Company*